**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JIM NAVARRO,

           Plaintiff,

vs.

THE HON. MR. POTTER *et. al.*,

           Defendants.

Case No. 2:15–cv–2223–JAD–VCF

<u>**ORDER AND**</u>
<u>**REPORT AND RECOMMENDATION**</u>

      Before the court are Plaintiff Jim Navarro's application to proceed *in forma pauperis* (#1), and complaint (#1-1). For the reasons stated below, Navarro's *in form pauperis* is granted and he may proceed with this action.

**DISCUSSION**

      Navarro's filings present two questions: (1) whether Navarro may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Navarro's complaint states a plausible claim for violation of his constitutional rights. Each is discussed below.

**I. Navarro may Proceed in Forma Pauperis**

      Navarro's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Navarro submitted a financial affidavit (#1). According to the affidavit, Navarro is unemployed receives $200.00 a month in food stamps. (*Id.*) Navarro receives no other income and has no other assets. (*Id.*) Navarro's application to proceed *in forma pauperis* is, therefore, granted.

**II. Whether Navarro's Complaint is Frivolous, Malicious, of Fails to State a Plausible Claim**

Because the court grants Navarro's application to proceed *in forma pauperis*, it must review Navarro's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Navarro's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus,* 551 U.S. 89 (2007).

**A. Legal Standard**

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)(citation omitted).

**B. Claims in Narvarro's Complaint that are Dismissed**

Navarro's claims fall into three categories: (1) claims that fail as a matter of law, (2) claims that fail to allege "sufficient" factual matter, and (3) claims that fail to allege wrongdoing.

1. <u>Claims that Fail as a Matter of Law</u>

The court finds that the following claims fail as a matter of law: (i) all claims against the Honorable Brian Sandoval, (ii) all claims against the United States Government, (iii) all claims against Defendant Renee Kern, in her official capacity, and (iv) all claims against all former Post Master General John Potter.

*i. All Claims Against the Honorable Brian Sandoval Should be Dismissed*

Navarro's claims against the Honorable Brian Sandoval (Defendant Sandoval), which stem from Defendant Sandoval's time as a federal district court judge, should be dismissed. Navarro alleges Defendant Sandoval, (1) failed to "recuse himself when he rules over my common-law wife Rosie Romero's complaint" and (2) failed to "investigate the corrupt workmen comp system in Nevada." (Compl. (#1-1) at 5).

3

Judges are immune from suit even if they are alleged to have acted in error. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity extends to federal judges sued under *Bivens*. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5 (1993).

As Navarro's claims against Defendant Sandoval arise from Defendant Sandoval's time as a judge, the court recommends that all claims against the Defendant Sandoval be dismissed with prejudice and without leave to amend. *Cato*, 70 F.3d at 1106.

### *ii. All Claims Against the United States Government are Dismissed*

Navarro's claims against the United States Government should be dismissed. Navarro claims that the United States Government deprived him of his constitutional, civil and voting rights.

"A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007)(internal citation omitted). Navarro cites code section: (1)18 U.S.C. § 3171, (2) 18 U.S.C. § 1341, and (3) 18 U.S.C. § 1001. None of these code sections suggest that the United States consents to be sued in a *Bivens* action.

The court, therefore, recommends that all claims against the United States Government be dismissed with leave to amend. *Cato*, 70 F.3d at 1106.

### *iii. All Claims Against Defendant Renee Kern, in her Official Capacity, Should be Dismissed*

Navarro's claims against Defendant Kern should be dismissed. Navarro alleges that Defendant Kern, in her official capacity (1)"withheld a legal document meant for me," (2) "didn't notify me that it arrived at the post office" and (3) "instructed post office employee to take it back to city court." (Compl. (#1-1) at 2).

"[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Mexicali*, 482 F.3d at 1173 (internal citation omitted).

As Navarro has sued Defendant Kern, in her official capacity, the court recommends that all claims against Defendant Kern, in her official capacity, be dismissed with prejudice and without leave to amend. *Cato*, 70 F.3d at 1106.

### *iv. All Claims Against former Post Master General John Potter Should be Dismissed*

Navarro's claims against former Post Master General John Potter (Defendant Potter) should be dismissed. Navarro alleges that an "employee withheld legal documents from the Justice Department, FBI and United States Courthouse in Nevada" which resulted in him losing "the right to due process and his right to appeal his complaint." (Compl. (#1-1) at 2).

Vicarious liability is inapplicable in a *Bivens* action. *Iqbal*, 556 U.S. at 676 "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Navarro's claim against Defendant Potter is grounded on the actions of a postal employee, and not the actions of Defendant Potter himself.

The court, therefore, recommends all claims against Defendant Potter be dismissed with prejudice and without leave to amend. *Cato*, 70 F.3d at 1106.

### 2. Claims that Fail to Allege "Sufficient" Factual Matter

### *i. All Claims against former Post Master General Patrick Donahoe*

Navarro's claims against former Post Master General Patrick Donahoe (Defendamt Donahoe) should be dismissed.

As discussed above, the Supreme Court's decisions in *Iqbal* and *Twombly* require complaints to contain, inter alia, "sufficient factual matter, accepted as true." *Iqbal*, 556 U.S. at 678. A complaint's legal

conclusions, however, are no substitute for "sufficient factual" matter because they are not accepted as true. *See id.* ("[T]he tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. . . [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.").

The court recommends dismissing Defendant Donahoe because Navarro has only pled legal conclusions, and not "sufficient factual" matter, in support of his claims against these Defendants. Navarro pled that Defendant Donahoe acted under color of law to "intentionally deprive Navarro of his constitutional rights." (Compl. (#1-1) at 2). This is a conclusion. Additional facts are necessary to determine which of Defendant Donahoe's actions give rise to Navarro's claim. Such facts include the: who, what, when, and where of Navarro's claim.

Nonetheless, Navarro is a *pro se* litigant and thus his complaint held to a "less stringent standard." *Erickson*, 551 U.S. at 94. The court recommends granting Navarro leave to cure the deficiencies of his claims against Defendant Donahoe by alleging a plausible claim against Defendant Donahoe. *Cato*, 70 F.3d at 1106.

### 3. Claims that Fail to Allege Wrongdoing

*i. All Claims Against Dana Urbanski*

The court recommends dismissing Defendant Dana Urbanski. The only place Urbanski's name appears in Navarro's filings is in the caption of Navarro's complaint. Navarro has not alleged wrongdoing by Urbanski and, therefore, did not state a plausible claim against Urbanski. *See Iqbal*, 556 U.S. 662, 678–79 (stating that a claim is "plausible" only if it creates "a reasonable inference of liability").

Navarro, however, is a *pro se* litigant and thus his complaint held to a "less stringent standard." *Erickson*, 551 U.S. at 94. The court recommends granting Navarro leave to cure the deficiencies of his claims against Urbanski by alleging a plausible claim against Urbanski. *Cato*, 70 F.3d at 1106.

### *ii. All Claims against Post Master John Doe*

The court recommends dismissing Post Master John Doe (Defendant Doe). Navarro alleges that Defendant Doe "didn't bother looking for our legal letters even when we filled out the proper form." (Compl. (#1-1) at 2). Navarro, however, does not allege that Defendant Doe's actions violated any of Navarro's state or federal constitutional rights. As a result, he did not state a plausible claim against Defendant Doe. *See Iqbal*, 556 U.S. 662, 678–79 (stating that a claim is "plausible" only if it creates "a reasonable inference of liability").

Navarro, however, is a *pro se* litigant and thus his complaint held to a "less stringent standard." *Erickson*, 551 U.S. at 94. The court recommends granting Navarro leave to cure the deficiencies of his claims against Defendant Doe by alleging a plausible claim against Defendant Doe. *Cato*, 70 F.3d at 1106.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Jim Navarro's application to proceed in forma pauperis (#1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint (#1-1).

IT IS FURTHER ORDERED that the Plaintiff Jim Navarro is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER RECOMMENDED that the Honorable Brian Sandoval be DISMISSED with prejudice.

7

IT IS FURTHER RECOMMENED that all claims against the Defendant Kern, in her official capacity, be DISMISSED with prejudice.

IT IS FURTHER RECOMMENED that all claims against the Defendant Potter be DISMISSED with prejudice.

IT IS FURTHER RECOMMENED that all claims against the United States Government, Defendant Urbanski, and Defendant Doe be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that

(1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of December, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE