UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jim Navarro, | 2:15-cv-02223-JAD-VCF |
| Plaintiff | **Order Adopting Report and Recommendation and Denying Motion for Appointment of Counsel** |
| v. | |
| The Hon Mr. Potter, et al., | [ECF 3, 5] |
| Defendants | |

Pro se plaintiff Jim Navarro sues former United States District Judge Brian Sandoval for failing to "recuse himself when he rul[ed] over [Navarro's] common law wife Rosie Romero['s] complaint" and failing to "investigate the corrupt workmen comp. system;" the United States Government for "[d]enial of Constitutional and Civil Rights an[d] [sic] voting Rights;" and "Post Master Generals" the Honorable Mr. Potter, The Honorable Mr. Donahue, Renee Kern, and John Doe for withholding mail, including legal documents.[1]  Navarro also names as a defendant "Mrs. Dana Urbanski, Manager of Meadow Mesa Sa," but makes no allegations against her in the body of the complaint.

Magistrate Judge Cam Ferenbach granted Navarro's application to proceed in forma pauperis and screened his complaint under 28 USC 1915(e).[2]  On December 4, 2015, Judge Ferenbach entered a report recommending that I dismiss with prejudice all claims against Sandoval, all claims against Kern in her official capacity, and all claims against Potter because these claims are untenable as a matter of law and amendment would be futile.  He recommends that I dismiss with leave to amend all claims against the United States Government, Urbanski, Donahue, and John Doe.  Objections were due by December 21, 2015.  Navarro has filed no objections, nor has he requested an extension to do so.  He has, however, filed a motion for appointment of counsel, which I discuss below.

---

[1] ECF 4.

[2] ECF 3.

I.      **Report and Recommendation [ECF 3]**

As to Magistrate Judge Ferenbach's recommendations, "no review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Navarro filed no objections, so Judge Ferenbach's report and recommendation is adopted in full.

II.     **Motion for Appointment of Counsel [ECF 5]**

Section 28 USC 1915(e) gives courts discretion to appoint an attorney to represent any person unable to afford counsel, but a court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[3]  In determining exceptional circumstances, a court must consider (1) the likelihood of success on the merits of the case and (2) the plaintiff's "ability to articulate his claims pro se in light of the complexity of the legal issues involved."[4]

Navarro submits a form motion to request counsel.[5]  In support of his motion, he represents that he has contacted more than 30 lawyers in 15 years seeking representation in this case.  Though the form directs a movant to attach documentation in support, Navarro offers no documents to support his representation, nor does he provide any details about what lawyers he contacted and when.  Navarro represents that he completed some high school and that his language abilities are limited because his "disabilities won't let [him] sit in one position for over 30 minutes" and his eyesight is blurry.[6]

Navarro has not identified exceptional circumstances to justify appointment of counsel.  His complaint is legible and does not demonstrate that his language abilities are so limited that he cannot adequately make out his claims.  At this point, Navarro has not pled sufficient factual matter for me

---

[3] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agenyman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

[4] *Palmer*, 560 F.3d at 970.

[5] ECF 5.

[6] *Id.* at 2.

to determine if his claims have any likelihood of success on the merits or find that the complexity of the legal issues involved justifies appointment of counsel.  Accordingly, I deny Navarro's  motion for appointment of counsel without prejudice.

**Conclusion**

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation is **ADOPTED.**

IT IS FURTHER ORDERED that all claims against The Honorable Brian Sandoval are **DISMISSED** with prejudice; all claims against defendant Renee Kern in her official capacity are **DISMISSED** with prejudice; and all claims against The Honorable Mr. Potter are **DISMISSED** with prejudice.

IT IS FURTHER ORDERED that all claims against the United States Government, Dana Urbanski, The Honorable Donahue, and John Doe are **DISMISSED** with leave to amend.

Jim Navarro is instructed that, if he wishes to file an amended complaint to cure these deficiencies, he must do so by **January 22, 2015.  Navarro's failure to file an amended complaint by January 22, 2015, will result in dismissal of this entire case without prejudice.**

The amended complaint must be complete in itself without reference to the original complaint.  The amended complaint may not contain claims or parties that have been dismissed with prejudice by this order.

Navarro's claim against Donahue is deficient because he fails to allege sufficient factual matter.  If Navarro wishes to replead this claim, he must include the "who, what, when, and where" of this claim so that I can determine which of Donahue's actions give rise to Navarro's claim.

Navarro's claims against Dana Urbanski and Post Master General John Doe are deficient because he fails to allege wrongdoing by these defendants.  If Navarro wishes to replead these claims, he must identify the state or federal rights that he believes defendants violated and facts to support his allegations.

Finally, Navarro's claims against the government fail because the United States has not consented to be sued in a *Bivens* action under the sections he cites: (1) 18 USC § 3171, (2) 18 USC § 1341, and (3) 18 USC § 1001.  If Navarro wishes to sue the United States Government, he must

plead a claim for which the United States has consented to be sued and allege sufficient facts in support of that claim.

Dated December 21, 2015

                                            _____
                                            Jennifer A. Dorsey
                                            United States District Judge